IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES WORTHEM, a/k/a David
Scott (B-12624),

           Plaintiff,

    v.

OFFICER JOSEPH BOYLE,

           Defendant.

Case No. 07 C 6589

Hon. Harry D. Leinenweber

### MEMORANDUM OPINION AND ORDER

Plaintiff, James Worthem, a state prisoner currently incarcerated at Pontiac Correctional Center, filed this 42 U.S.C. § 1983 suit against Officer Joseph Boyle. Plaintiff alleges that on September 26, 2009, Officer Boyle used excessive force at an Illinois courthouse in Skokie while Plaintiff was there for his state criminal proceedings. Plaintiff named several other parties as Defendants, who the Court dismissed on initial review. Only the excessive force claim against Officer Boyle remains. Defendant has filed a Motion for Summary Judgment and contends that Plaintiff failed to exhaust administrative remedies with this claim. Plaintiff filed a response to Defendant's summary judgment motion and Local Rule 56.1 Statement, as well as numerous other pleadings, most of which have been denied pending a ruling on the motion for summary judgment. Defendant has replied. For the following reasons, the Court grants the Motion for Summary Judgment and dismisses the Complaint for failure to exhaust administrative remedies.

## I. SUMMARY JUDGMENT STANDARD

**A. Summary Judgment under Federal Rule of Civil Procedure 56**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Intern.-Indiana, Inc.*, 211 F.3d 392, 396 (7th Cir., 2000). In determining the existence of a genuine issue of material fact, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396.

The movant bears the initial burden of demonstrating that there is no genuine issue of material fact and that judgment based upon the uncontested facts is warranted. *See Celotex Corp.*, 477 U.S. at 325. If the movant meets this burden, the nonmoving party must "go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Borello v. Allison*, 446 F.3d 742, 748 (7th Cir., 2006) (internal quotation marks and citations omitted); *Celotex*, 477 U.S. at 322-26. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt

as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if a reasonable finder of fact could return a decision for the nonmoving party based upon the record. *See Anderson*, 477 U.S. at 252; *Insolia v. Phillip Morris Inc.*, 216 F.3d 596 (7th Cir., 2000).

**B. Northern District of Illinois Local Rule 56.1 Statements**

When addressing summary judgment motions, the Court derives the background facts from the parties' Local Rule 56.1 Statements, which assist the Court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 527 (7th Cir., 2000). Specifically, Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817 (7th Cir., 2004).

The nonmoving party must admit or deny each factual statement proffered by the moving party and concisely designate any material facts that establish a genuine dispute for trial. *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir., 2005). Each party's statement should contain short numbered paragraphs including references to the record, affidavits, and other supporting materials. *Id.; see also Ammons*, 368 F.3d at 817. A litigant's failure to respond to a Local Rule 56.1 Statement results in the Court

considering uncontested statements as true. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir., 2006). Furthermore, a party may not satisfy his or her Local Rule 56.1 requirements for responses with "evasive denials that do not fairly meet the substance of the material facts asserted." *Bordelon*, 233 F.3d at 528.

Because Plaintiff is a *pro se* litigant, the Defendant served him with a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" as required by Northern District of Illinois Local Rule 56.2. The notice explains the consequences of failing to properly respond to a motion for summary judgment and to a statement of material facts under FED. R. CIV. P. 56(e) and Local Rule 56.1. (R. 60, Def.'s Rule 56.1 Statement and Notice to Pro Se Litigant.) Plaintiff has submitted his own Local Rule 56.1 Statement. (R. 71, Pl.'s Rule 56.1 Statement.) With these standards in mind, the Court turns to the claims and evidence of this case.

## II. FACTS

### A. Defendant's Alleged Excessive Force

On September 26, 2007, Plaintiff was a Cook County Jail inmate who had been transported from the jail to the criminal courthouse in Skokie, Illinois. Plaintiff had a status hearing in his state criminal proceeding. (R. 60, Def.'s Rule 56.1 Statement ¶ 3; R. 71, Pl.'s Rule 56.1 Statement ¶ 3.) While in the holding cell next to the courtroom, Plaintiff informed two Assistant Public Defenders ("APD") in two separate meetings that Plaintiff wanted to represent himself and file his own motions. (R. 60 and 71, Def.'s and Pl.'s

Rule 56.1 Statements ¶¶ 4-5.)  Soon thereafter, Officer Boyle (the "Defendant"), who was not present during the conversations between Plaintiff and the APDs, opened the door to the holding cell and called Plaintiff's name.  Defendant asked Plaintiff to place his hands behind his back and escorted him to the courtroom.  (R. 60 and 71, Def.'s and Pl.'s Rule 56.1 Statements ¶¶ 6-8.)  Plaintiff states that Defendant instructed Plaintiff "not [to] say . . . a f-ing word" when entering the courtroom and "that [Plaintiff] better be quiet when [he was] going in there."  (R. 71, Exh. B, Pl.'s Depo. 15-16.) Defendant allegedly shoved Plaintiff's back as they entered the courtroom.  (*Id.* at 17.)

There is conflicting evidence whether Defendant struck Plaintiff while in the courtroom.  Plaintiff states that he stood at the podium with APD Anne Buron to his immediate left and Assistant State's Attorney James Jennings next to her.  Defendant stood directly behind Plaintiff.  (*Id.* at 18-19.)  Plaintiff addressed the judge, and asked "may I please exercise my First Amendment right to speak."  (*Id.* at 20.)  At that time, Plaintiff took his hands from his back and placed his folder of papers on the podium.  (*Id.*)  As he placed the folder on the podium, Defendant punched Plaintiff on the back of his head. (*Id.* at 21.)  Plaintiff allegedly yelped and stated "Your Honor, he's hitting me."  Defendant then punched Plaintiff in his lower back. (*Id.* at 24.)  Plaintiff states that, after Defendant's second punch, APD Buran exclaimed, "Oh my God," and both she and Jennings stepped back out of the way.  (*Id.* at 23.)  Plaintiff's folder of papers fell

to the floor, and as he was picking up papers, Defendant grabbed Plaintiff's arm and jerked him up from the floor. Defendant escorted Plaintiff from the courtroom and, as they approached the door, Defendant kicked Plaintiff into the hallway. (*Id.* at 26-27.)

Contrary to Plaintiff's description of the status hearing, ADP Buran and an Assistant State's Attorney assigned to Plaintiff's case on September 26, 2007, stated in affidavits that they never saw Defendant strike Plaintiff during the hearing or as Defendant escorted Plaintiff from the courtroom. (R. 61-4, 61-5, Exhs. IV and V.)

According to Plaintiff, he fell when Defendant kicked him into the hallway and hit his elbow on a piece of metal and his mouth on the hallway floor. Plaintiff asserts that Defendant continued to hit Plaintiff outside the courtroom, that Plaintiff ultimately lost consciousness, and that he was taken to a hospital by an ambulance from the courthouse after he became conscious. (R. 71, Exh. B, Pl.'s Depo. 26-27, 39-42.) At the hospital, Plaintiff's elbow, mouth, and body were examined. X-rays were taken, he received gauze for his elbow, and was told he had several contusions. (*Id.* at 48.)

### B. Plaintiff's Grievances and Filing of Suit

On September 27, 2007, the day following the above-described incident, Plaintiff filed a grievance with the Cook County Department of Corrections. (R. 71, Exh. A, 9/27/07 Grievance.) On October 3, 2007, the grievance was forwarded to the Internal Affairs Department ("IAD"). (*Id.* at 2.) The grievance was returned to Plaintiff, who

signed and dated it October 15, 2007, indicating that the received it back on that date. (*Id.*) Just below Plaintiff's signature, the grievance states that "Appeals must be made within 14 days of the date the detainee received the response." (*Id.*) Plaintiff did not file an appeal until November 30, 2007. (*Id.*; R. 71, Pl.'s Rule 56.1 Statement ¶ 30 (Plaintiff acknowledges that he did not submit an appeal within 14 days)). On December 6, 2007, the Appeal Board responded that "IAD is handling this issue." (*Id.*) According to Plaintiff, IAD never got back to him about its investigation. (R. 71, Exh. B, Pl.'s Depo. 57-58.)

In addition to the grievance with the Cook County Jail, Plaintiff filed a separate grievance with the Sheriff's Office of Cook County Internal Affairs/Inspector General. That grievance is dated November 15, 2007. (R. 71-3, p. 9-11, Exh. G, copy of 11/15/07 grievance.) Although Plaintiff stated in his deposition that he did not receive a response from Internal Affairs, (*see* R. 71, Exh. B, Pl.'s Depo. 57-58), the record contains a report from the Cook County Sheriff's Office Court Services Internal Affairs Division from February 27, 2008 (mistakenly dated 2007 on cover page), wherein Plaintiff's allegation of excessive force was "not sustained." (R. 71-3, p.23-24, Exh. H.) In addition to the grievance with the Sheriff's Office of Cook County, there is a letter from the City of Chicago Inspector General dated November 6, 2007, requesting permission from Plaintiff to forward his grievance submitted on November 1, 2007, to the Cook County Inspector General. (R. 71-3,

p.8, Exh. G.) Although it is unclear what grievance Plaintiff filed on November 1, 2007, the grievance filed with the Sheriff's Office of Cook County Internal Affairs/Inspector General appears to be a different grievance from the November 15, 2007, grievance filed with the Sheriff's Office. (R. 71-3, p. 9-11, Exh. G.)

The Court received Plaintiff's § 1983 complaint on November 21, 2007, between the time of his October 15, 2007, receipt of a response from his Cook County Jail grievance and his November 30, 2007, appeal, and between the time of his November 15, 2007, Sheriff's Office of Cook County grievance and the February 27, 2008, Internal Affairs report. (*See,* R. 1, Complaint.) Plaintiff acknowledged in his deposition that he initiated this suit while an Internal Affairs investigation was pending. (R. 71, Pl.'s Rule 56.1 Statement, Exh. B, Pl.'s Depo. 57.)

### III. <u>DISCUSSION</u>

#### A. Requirement to Exhaust Administrative Remedies

The Prison Litigation Reform Act requires that, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. Allegations of assault and excessive force are subject to exhaustion. *See Smith v. Zachary*, 255 F.3d 446, 449-50 (7th Cir., 2001); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or

some other wrong"); *McCoy v. Gilbert*, 270 F.3d 503, 507-08 (7th Cir., 2001); *Larken v. Galloway*, 266 F.3d 718 (7th Cir., 2001).

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir., 2006). This means that "[a] prisoner must properly use the prison's grievance process." *Id.* "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir., 2002). This is so even if the administrative remedies cannot provide the kind of relief the inmate seeks, such as money damages. *Booth v. Churner*, 532 U.S. 731, 734-35 (2001). The prisoner must utilize the administrative procedures so long as the administrative authority is able to take *some* action. *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir., 2006) (exhaustion is required if the administrative body (1) was empowered to consider the complaint and (2) could take some action in response to it). If the prisoner fails to properly use the prison's grievance process, the prison administrative authority can refuse to hear the case, and the prisoner's claim can be considered indefinitely unexhausted. *Pozo*, 286 F.3d at 1025; *see also*, *Woodford v. Ngo*, 548 U.S. 81 (2006) at 89-90.

**B. Analysis**

The summary judgment evidence reveals that Plaintiff did not exhaust available administrative remedies, although not necessarily for the reason stated by Defendant. Defendant contends that

Plaintiff did not exhaust administrative remedies because he failed to file an appeal within 14 days of receiving a response to his September 27, 2007, grievance. Defendant cites the affidavit of Laroy Warren, Supervisor of Program Services for Cook County Department of Corrections, who states that "as supervisor, I am familiar with the general orders, rules, regulations, policies, customs, and practices of the detainee grievance process." (R. 61-8, Def.'s Memorandum in Support of Summary Judgment, Exh. VIII.) After detailing the procedures that were followed in this case, Mr. Warren states that, "Mr. Worthem did not properly exhaust his departmental remedies when he filed his lawsuit *before* filing his 'request for appeal'" (*id.* at ¶ 7). Warren does not state, however, whether the Cook County Jail's grievance procedures applied to Defendant's alleged use of force. Although Plaintiff was a Cook County Jail detainee, the record does not indicate whether Defendant was an employee of the Cook County Jail. Rather, given the Internal Affairs investigation by the Cook County Sheriff's Office, Court Services Department, it appears that Defendant was employed by that department, which provides security for all Cook County courts.

The record indicates that the Sheriff's Office Court Service Department Internal Affairs Division was the agency which investigated the incident. (R. 71-3, Exh. H, 2/27/08 Internal Affairs Report.) It is not clear from the record whether Plaintiff should have filed his grievance with the Cook County Jail, which would have turned it over to the Internal Affairs Division as it did,

or whether Plaintiff should have filed his grievance directly with the Internal Affairs Division of the Cook County Sheriff's Court Services Department. However, it is clear that one or both avenues were available to Plaintiff in order to obtain an investigation of Defendant's alleged use of force and that "that investigation was open and pending when [Plaintiff] filed [his] lawsuit in November [2007]." (R. 71-1, Exh. B, Pl.'s Depo. 57.)

Plaintiff cannot initiate a federal § 1983 action while pursuing administrative remedies, but must wait until he has exhausted available administrative remedies. *See* § 1997e. Plaintiff "consciously chose to forego the grievance procedure in favor of this lawsuit. That is precisely what the PLRA seeks to prevent." *Canady v. Davis*, 2009 WL 1177081, *4 (N.D.Ill., 2009) (*citing Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) (the purpose of the PLRA exhaustion requirement is to give "the prison grievance system . . . a fair opportunity to consider the grievance")). Even if administrative remedies are now exhausted, the Court cannot condone the filing of a § 1983 suit before such exhaustion. *See*, *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir., 2004) (dismissal is proper of a "suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending") (*citing Perez v. Wisconsin Dept. of Corrections,* 182 F.3d 532, 535 (7th Cir., 1999)). Plaintiff cannot proceed with this suit, which he filed prior to the exhaustion of administrative remedies.

The Court further notes that Plaintiff's contention that administrative remedies were not available because monetary relief was not available is without merit. As previously noted, the lack of such relief does not render administrative remedies unavailable. *Booth v. Churner*, 532 U.S. at 734-35; *Dole v. Chandler*, 438 F.3d at 808-09. The Internal Affairs investigation of the incident demonstrates clearly that an administrative remedy was available. (*See* R. 71-3, Pl.'s Rule 56.1 Statement, Exh. H, 2/27/08 report.)

## IV. CONCLUSION

Plaintiff filed the instant suit while the Cook County Sheriff's Office's Internal Affairs Division was investigating Plaintiff's grievance, contrary to the exhaustion requirement of 42 U.S.C. § 1997e. Accordingly, Defendant's Motion for Summary Judgment is granted. The Court dismisses this case for Plaintiff's failure to exhaust administrative remedies prior to filing this case. Plaintiff's other pending motions are denied.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

**DATE:** 7/29/2009